**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**JAZMEN CHAFFIN**                                                                **PLAINTIFF**

**V.**                                                    **CIVIL ACTION NO.:** 3:21-cv-789-TSL-MTP

**HINDS BEHAVIORAL HEALTH SERVICES - REGION 9**
**D/B/A HINDS BEHAVIORAL HEALTH SERVICES**                    **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

COMES NOW, the Plaintiff, Jazmen Chaffin, by and through her counsel, Watson & Norris, PLLC, files this action to recover damages for violations of her rights under the Fair Labor Standards Act against Defendant, Hinds Behavioral Health Services - Region 9 d/b/a Hinds Behavioral Health Services.  In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**PARTIES**

1.      Plaintiff, Jazmen Chaffin, is a female citizen of Rankin County, Mississippi.

2.      Defendant, Hinds Behavioral Health Services, Regional 9 d/b/a Hinds Behavioral Health Services is a Mississippi Non-Profit Corporation with its principal place of business located in Hinds County, Mississippi and may be served with process by serving:  Kathy Crockett, Executive Director, 3450 Highway 80 West, Jackson, Mississippi 39209.

**JURISDICTION AND VENUE**

3.      This court has federal question jurisdiction.

1

4.      Jurisdiction is proper as the claims are brought pursuant to the FLSA to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

5.      The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C.§1337 and the FLSA, 29 U.S.C.§216(b).

## STATEMENT OF THE FACTS

6.      Plaintiff is a 33-year-old female resident of Rankin County and Pearl, Mississippi.

7.      Plaintiff was hired on October 8, 2018, as a Specialist 1 at Defendant.

8.      Plaintiff was paid hourly (i.e., $11.63 per hour) and she worked Monday through Friday from 7am to 4 p.m.

9.      During those hours, Plaintiff never took a 30-minute lunch break in which she could be fully off duty.

10.     Although she ate, Plaintiff was still responsible for supervising day treatment of clients (while they ate) and was therefore still on duty.

11.     In addition to the lunch break, Plaintiff was supposed to be allowed a 30-minute break; however, Plaintiff contends she was never allowed to take breaks in which she was free from being called upon to attend to clients.

12.     Plaintiff complained to Human Resources Representatives Sonya Teasley and Danny Yates about both the lack of a true lunch break and a 30-minute break, but her complaint was ignored.

13.     Since she was technically on duty from 7am to 4pm, Plaintiff should have been paid for 45 hours per week, i.e., 40 hours of straight pay and five hours of overtime at time and a half her regular rate.

14.     Plaintiff was paid every two weeks.  Her paycheck consistently reflected that she was paid 85 hours, i.e., 80 hours of straight pay and five hours of time and a half.

15.     Plaintiff contends she was consistently underpaid for five hours of overtime pay each pay period for the entirety of her tenure at HBHS.

16.     Plaintiff resigned her position at HBHS effective November 29, 2021.

17.     Given that she was underpaid for five hours of overtime pay ($17.45 overtime rate x 10 hours) per paycheck for the entirety of her tenure at HBHS (26 paychecks x 3 years + 3 weeks = 81 paychecks), Plaintiff was underpaid an approximate total of $14,134.50.

## CAUSE OF ACTION

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

18.     Plaintiff alleges and incorporates all averments set forth in paragraphs 1 through 17 above as if fully incorporated herein.

19.     Plaintiff was a non-exempt employee and subject to the provisions of the Fair Labor Standards Act as it pertains to whether or not Plaintiff was entitled to overtime pay for all overtime hours worked.

20.     The Fair Labor Standards Act requires that employees be paid an overtime premium at a rate not less than one and one-half (1 ½) times the regular rate at which they are employed for all hours in excess of forty (40) hours in a work week. 29 U.S.C. § 207(a).

21.     Plaintiff has not been properly paid overtime compensation under the Fair Labor Standards Act at a rate of 1 ½ her regular rate of pay.

22.     The acts of the Defendant constitute a willful intentional violation of the Fair Labor Standards Act and entitle Plaintiff to liquidated damages and attorney fees.

### PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1.     Unpaid minimum wages owed;
2.     Unpaid overtime compensation owed;
3.     Liquidated Damages;
4.     Attorney's fees;
5.     Costs and expenses; and
8.     Any other relief to which she may be properly entitled under the FLSA.

THIS the 13th day of December 2021.

Respectfully submitted,

JAZMEN CHAFFIN, PLAINTIFF

By: /s/ Louis H. Watson, Jr.
    Louis H. Watson, Jr. (MB# 9053)
    Nick Norris (MB#101574)
    Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, Mississippi 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com

4